USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/16/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROQUE DE LA FUENTE, *an individual*,

                        Plaintiff,

-v-

THE SHERRY NETHERLAND, INC., *a corporation*;
MICHAEL J. HORVITZ, WENDY CARDUNER,
HOWARD M. LORBER, MARY MCINNIS BOIES, IRA
A. LIPMAN, DR. MARJORIE FISHER FURMAN,
FREDERIC M. SEEGAL, ARNOLD S. GUMOWITZ,
EDWARD L. GARDNER, *individuals*,

                        Defendants.

17 Civ. 4759 (PAE)

<u>OPINION & ORDER</u>

---

PAUL A. ENGELMAYER, District Judge:

      On July 30, 2019, the Court issued an Opinion & Order granting defendants' motion for summary judgment in its entirety, dismissing all of plaintiff's claims, and closing this case. Dkt. 140 ("July 30 Decision"). On August 27, 2019, plaintiff Roque De La Fuente filed what he styled as a motion to amend the judgment of the Court. Dkt. 142. He purports to bring that motion pursuant to Federal Rule of Civil Procedure 59(e). On August 28, 2019, Rey Olsen, appearing *pro se*, filed a motion to vacate the Court's judgment pursuant to Rule 59(b)(3). Dkt. 143. Olsen contends that his motion is properly before this Court because he is the assignee of De La Fuente. Both motions, however, are actually motions for reconsideration. Accordingly, this order applies the legal standards for such motions to the arguments made by De La Fuente and Olsen here. For the following reasons, the Court denies both motions.

      The facts and procedural history underlying this litigation are set out more fully in the Court's July 30 Decision, and the Court incorporates them here by reference. *See* July 30 Decision at 2–15. As to the instant motion, on August 27, 2019, De La Fuente filed a motion for

1

reconsideration, Dkt. 142, a memorandum of law in support, Dkt. 142-1 ("RDLF Mem."), and a proposed order amending the judgment, Dkt. 142-2. On August 28, 2019, Olsen filed a motion for reconsideration, Dkt. 143, a memorandum of law in support, Dkt. 142-1 ("Olsen Mem."), and a proposed order amending the judgment, Dkt. 143-3.

On August 29, 2019, defense counsel Peter T. Shapiro, Esq., filed a letter seeking clarification whether the Court expected that defendants would respond to De La Fuente's motion, Olsen's motion, or both. Dkt. 144. The same day, the Court issued an order directing defendants to respond to De La Fuente's motion. Dkt. 145.

On September 4, 2019, Olsen filed a motion to join the case as a party, Dkt 148, and an amended motion to join the case, Dkt. 149.[1] On the same day, Olsen filed a letter identifying what he contends is case law supporting the proposition that he, as a non-party to this lawsuit, can properly file a motion to vacate a judgment secured by fraud pursuant to Rule 59(b)(3). Dkt. 150.

On September 5, 2019, defendants filed an opposing memorandum of law, Dkt. 151, and a supporting declaration of Mr. Shapiro, Dkt. 152 ("Shapiro Decl"). On September 11, 2019, De La Fuente filed a letter motion seeking leave to respond to defendants' letter. Dkt 153. The Court denied that motion.

---

[1] The Court denies this motion. Entirely apart from the belated nature of this motion, Olsen has failed to demonstrate that he was a required party, as set out in Rule 19(a)(1)(B). Because he is entitled to bring his own action against the Sherry, he has not shown that his absence from this case "as a practical matter impair[s] or impede[s] [his] ability to protect the interest" he has in the case, as required by Rule 19(a)(1)(B)(i). Nor has he shown that he would be "subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest," as required by Rule 19(a)(1)(B)(ii). And Olsen made no effort to join the case as a party until after summary judgment had been entered against the existing plaintiff. In the interest of completeness, the Court nevertheless considers Olsen's third-party motion for reconsideration on the merits.

2

The standard governing motions for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted); *see also* S.D.N.Y. Local Rule 6.3 (requiring the movant to "set[] forth concisely the matters or controlling decisions which counsel believes the court has overlooked"). Such a motion "is neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." *Assoc. Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005); *see also Goonan v. Fed. Reserve Bank of N.Y.*, No. 12 Civ. 3859 (JPO), 2013 WL 1386933, at *2 (S.D.N.Y. Apr. 5, 2013) ("Simply put, courts do not tolerate such efforts to obtain a second bite at the apple."). Rather, reconsideration is appropriate "only when the [moving party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (citation omitted).

Applying those standards here, both De La Fuente and Olsen's arguments fall very far short. Neither De La Fuente nor Olsen points to any evidence or controlling decisions that the Court overlooked. Instead, they simply reassert arguments that the Court previously considered and rejected in granting defendants' motion for summary judgment.

Specifically, De La Fuente not only reiterates the failing arguments he made in opposition to defendants' motion for summary judgment, but also mischaracterizes the evidence before the Court on that motion. For example, De La Fuente incorrectly contends that the Court made a finding reserved for a jury when it held that Ullman's statements did not salvage De La Fuente's claim. This argument fails for a simple reason: The Court found that Ullman's

3

statements, as a matter of law, would not permit a jury to find that defendants' well-supported basis for rejecting De La Fuente's application to buy a cooperative apartment had been pretextual. July 30 Decision at 32–33. De La Fuente misconstrues the record by claiming that the Sherry has no other shareholders who are members of a protected class. In fact, the evidence in the record reflected that the Sherry has several shareholders who are from Mexico, among other foreign countries, contradicting De La Fuente's present claim. *See* Dkt. 110 ("Horvitz Decl.") Exs. 7, 8, 10.

De La Fuente also continues to insist that the litigation report on which Horvitz testified he relied when making the decision to recommend that the Board reject De La Fuente's application was not properly authenticated. That is wrong. As the Court explained:

> [T]he Board's minutes from that January 10, 2017 meeting attribute the denial, *inter alia*, to "the litigation report," a clear reference to Stroock's report. *See* Dkt. 110-4 ("Jan. 10 Meeting Minutes") at 2. The minutes further state that "[c]opies of both [bidders'] contracts, and additional information regarding the respective purchasers, including a report provided by the Corporation's counsel, regarding litigation in which each prospective purchaser had been involved, had previously been circulated to Board members." *See id.* De La Fuente's various suppositions—that Horvitz decided to oppose De La Fuente's application before receiving the report, that neither he nor the Board had received Stroock's report before deciding on that application, and that the Board's minutes are false in stating otherwise—are unsupported by any record evidence. They are wholly speculative.

July 30 Decision at 29. To the extent that De La Fuente now contends that the litigation report is inadmissible because it was never produced in discovery, that argument fails, too, because De La Fuente could have made that argument in his opposition to the motion for summary judgment but did not do so. *See Assoc. Press*, 395 F. Supp. 2d at 19. In any event, the Court has reviewed the September 11, 2018 email sent by defense counsel Peter Shapiro to plaintiff's counsel, Shapiro Decl. Ex. A, which demonstrates that De La Fuente's claim not to have received this document in discovery is a falsehood.

4

The Court has considered De La Fuente's remaining arguments and finds them to be without merit, for the reasons set out in its decision resolving defendants' motion for summary judgment. A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc.*, 684 F.3d at 52 (internal quotation marks omitted). Accordingly, De La Fuente's motion for reconsideration is denied.

As to Olsen's motion for reconsideration, he makes substantially the same arguments as De La Fuente, save that he also argues that the record contains inconsistent evidence as to whether the Sherry Board ever formally voted on De La Fuente's application. The pertinent point, however, is that the undisputed evidence reflects that the Board reached a decision during the January 10, 2017 meeting at which Horvitz presented his recommendation that the Board reject De La Fuente's application. Whether the Board rejected the application informally or through a formal vote is immaterial. The minutes of the meeting state that "the Board unanimously determined to withhold its consent from the proposed transfer of Apartment 1211 to [De La Fuente]." Horvitz Decl. Ex. D (Jan. 10, 2017 Meeting Minutes) at 2. Defendants failed to offer any competent evidence to the contrary—*i.e.*, evidence suggesting that the Board did not reach a decision to deny De La Fuente's application at the January 10, 2017 meeting. Accordingly, the Court also finds Olsen's motion for reconsideration meritless.

For the foregoing reasons, the Court denies De La Fuente's and Olsen's respective motions for reconsideration. The Court respectfully directs the Clerk of Court to terminate the motions pending at Dkts. 142–43. This case remains closed. For avoidance of doubt, the Court will not entertain further applications from De La Fuente or Olsen.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: September 16, 2019
       New York, New York