UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROQUE DE LA FUENTE,

                             Plaintiff,           17 Civ. 4759 (PAE)

-v-

                                                <u>ORDER</u>

THE SHERRY NETHERLAND, INC., et al.,

                             Defendants.

PAUL A. ENGELMAYER, District Judge:

On May 12, 2020, and May 13, 2020, the Court received the attached email correspondence from counsel for plaintiff and defendants. Plaintiff's counsel complains that defendants have been tardy in re-filing a redacted exhibit to a motion for summary judgment that was first filed on November 20, 2018. *See* Dkt. 110. The underlying motion was decided by the Court on July 30, 2019. Dkt. 140. The parties moved to seal the offending exhibit on April 17, 2020, Dkt. 158, and the Court issued a sealing order that same day, Dkt. 159.

Although the Court directed counsel to file a redacted version of the exhibit to complete the public record of this case "forthwith," the real urgency was addressed by the Court's sealing order. Counsel for defendants represents that he has been working diligently to refile the exhibit, but has experienced delays attendant to the current COVID-19 public health emergency. The Court's limited judicial resources have been similarly focused on pressing matters of life and liberty prompted by the pandemic. The Court expects plaintiff's counsel to think carefully before again asking the Court to give its "urgent" attention to a non-substantive aspect of a case that was found meritless and has been closed for more than six months.

Noting that "[w]hile the sealing of the offending document is helpful, it does not apply to commercial services that make the original document, before sealing, available to the public," plaintiff also seeks "sanctions against [defense counsel] and his client for willfully, knowingly and unnecessarily putting Plaintiff and his family at great personal risk of harm." Plaintiff further asks "if the Court can assist in the provision of U. S. Marshals or Secret Service protection for Mr. De La Fuente" or, alternatively, "entertain an application to charge Defendants for private security." The Court denies these unsupported demands, made in connection with this closed case, as frivolous.

In the extremely unlikely event that the parties have a non-frivolous basis to address any further correspondence to the Court, it should be filed in the first instance on the public docket. Plaintiff's request for a conference is denied. This matter remains closed.

SO ORDERED.

<em>Paul A. Engelmayer</em><br>
PAUL A. ENGELMAYER<br>
United States District Judge

Dated: May 13, 2020
       New York, New York

# Frederick Cains

**430 East 86th Street  New York, NY 10028      (212) 249-9920    Frederickcains@yahoo.com**

*Admitted in the 2nd Circuit, SDNY and EDNY and all courts of New York*

May 12, 2020

Hon. Paul A. Engelmayer

Re:  <u>De La Fuente v. Sherry        17-01004(PAE)</u>

Your Honor,

  I regret to inform you that Peter Shapiro, attorney for Defendant Sherry Netherland, Inc. and all other Defendants, is ignoring your explicit instruction of April 17, 2020, Doc 159, to file a redacted document FORTHWITH.

  My client, is appearing on the ballot in many states, including in the SDNY, as the only opponent of Donald J. Trump for the Republican nomination for President of the U. S.  This exposes him to many threats to his person by extremists. As an example, in Connecticut, Governor Lamont has requested him to withdraw from the primary so it can be cancelled if Mr. Trump is the only candidate.  My client has refused as he is proud to be the first Latino to be on a Republican Presidential ballot.  (He suggested that Mr. Trump withdraw as he has already enjoyed that honor.)

  The failure to redact his signature, social security number, daughter's name, homes addresses in the U. S. and other countries, his wealth and specific assets owned etc. puts my client at risk from the acts of extremist supporters of his opponent and from pervasive Mexican criminal cartels that demand ransoms for the return of family members. My client is a Mexican-American with a home in Mexico City whose address has been disclosed in the objectionable document. The disclosure of home addresses and children's names are therefore eschewed by those with vulnerabilities.

  As the Complaint is permeated with examples of extreme racial and ethnic animosity by Defendants towards my client, he believes that the disclosure of information that could result in personal harm to him and his family was deliberate.  Ditto for their foot-dragging in complying with Your Honor's instruction.

  While the sealing of the offending document is helpful, it does not apply to commercial services that make the original document, before sealing, available to the public.  Your sealing Order, of course, does not apply to these private vendors.

  Plaintiff therefore seeks sanctions against Shapiro and his client for willfully, knowingly and unnecessarily putting Plaintiff and his family at great personal risk of harm.

  Can you also advise if the Court can assist in the provision of U. S. Marshals or Secret Service protection for Mr. De La Fuente?  Alternatively, will the Court entertain an application to charge Defendants for private security?

Yours truly,

/s

Frederick Cains
Attorney for Plaintiff Roque De La Fuente



**LEWIS BRISBOIS**
LEWIS BRISBOIS BISGAARD & SMITH LLP

Peter T. Shapiro
77 Water Street, Suite 2100
New York, New York 10005
Peter.Shapiro@lewisbrisbois.com
Direct: 212.232.1322

May 13, 2020

**VIA EMAIL**
Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
40 Foley Square, Room 2201
New York, New York 10007

  Re: *Roque De La Fuente v. The Sherry-Netherland, Inc., et al.*
     Case No. 17-cv-04759 (PAE)

Dear Judge Engelmayer:

  On behalf of Defendants, I write to respond to the May 12, 2020 letter of Frederick Cains, counsel for Plaintiff. I must first stress that the documents Mr. Cains asked be sealed are not currently available on the Court's public docket. Pursuant to Your Honor's April 17, 2020, order (DE 159), the clerk's office sealed all of the documents that had been available at DE 110-2. As a result, there is no current risk that members of the public would be exposed to any information that Plaintiff deems private and that could in any way impede his political aspirations.

  With respect to the filing of the documents under seal, I asked Mr. Cains by email last week what redactions he was seeking for the public re-filing of the documents. He responded via email on May 8 at 4:40 p.m. On May 12, at 2:28 p.m., only two business days later, he complained that I had not yet filed the redacted version and asked whether he needed to involve Your Honor's chambers. I was tied up and had not had a chance to respond when I received his law clerk's email to Your Honor, enclosing his letter, which appears to have been sent at 7:17 p.m. I can assure Your Honor and opposing counsel that we will file the redacted documents shortly, as soon as we are able. As should not be surprising, our ability to attend to such matters with alacrity has been impacted by the pandemic. My firm's office is closed pursuant to Governor Cuomo's Executive Order, and I and my staff are working remotely.

  Given the foregoing, we ask that the Court give short shrift to Mr. Cains' suggestion that I or my clients should be sanctioned or that Defendants should be charged with paying for private security for Plaintiff. If Plaintiff believed that Defendants' public filing of his personal information on November 20, 2018 as part of their motion papers was improper and could cause him injury, the

Honorable Paul A. Engelmayer
May 13, 2020
Page 2

time to object would have been at or about that time. Since Plaintiff did not request redaction until April 17, 2020, long after judgment was entered in Defendants' favor, and roughly 17 months after the summary judgment motion was filed, and only having done so when Plaintiff's counsel apparently reviewed the docket while briefing Plaintiff's appeal, Plaintiff's laches alone would require the denial of any relief in his favor, even assuming *arguendo* that there was any authority supporting the requested relief – there is none cited – or any factual basis for the accusation that Defendants or counsel intended to damage Plaintiff by virtue of their defense of Plaintiff's meritless claims. Moreover, as explained above, any conceivable harm to Plaintiff was abated by the Court's sealing order. And it is conspicuous that Mr. Cains cannot identify any actual use by any political adversary, any third party in the media, or anyone else of any information about Plaintiff filed in this action including the previously publicly available information that is now sealed.

Thank you for your attention to this matter.

Respectfully,

*Peter T. Shapiro*

Peter T. Shapiro of
LEWIS BRISBOIS BISGAARD & SMITH LLP

cc:   Frederick Cains, Esq. (via email)

**Fw: URGENT De La Fuente v. Sherry 17-01004(PAE) Reply to Mr. Shapiro's letter of even date**

frederick cains [Redacted]
Wed 5/13/2020 11:18 AM

**To:** Engelmayer NYSD Chambers [Redacted]
**Cc:** Peter.Shapiro [Redacted]

Your Honor,

The instruction of Your Honor said FORTHWITH.

Mr. Shapiro did nothing for weeks until I inquired of him.

He then asked me to provide a list of items that my client would like to be redacted. I responded with alacrity. There was no response.

Now he still does not state when he will file the redacted Exhibit "B."

Instead he deflects. A statement of harm to my client belongs in a complaint; not in this discussion. Evidence is for a trial.

Besides the security risk that I referenced in yesterday's communication, the remainder of Exhibit "B" contains information of interest to the media about Candidate De La Fuente's struggle to achieve equal opportunity for people of color.

Mr. Shapiro is being contumacious and disrespectful of your Order. This should not be tolerated.

May we please have a telephone conference?

Frederick Cains

/s

Attorney for Roque De La Fuente